UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA L. TURNER,

      Plaintiff,

v.                                                                    Case No. 8:06-cv-1088-T-24MSS

BAUSCH & LOMB INC., et al.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Bausch & Lomb, Inc.'s Motion to Stay All Proceedings Pending Decision By the Judicial Panel On Multidistrict Litigation (Doc. No. 12). Defendant asserts that there are currently approximately forty-eight (48) overlapping product liability/personal injury actions, including the instant case, that are pending in, or will be removed to, federal courts that involve allegations of health risks from its contact lens solution ReNu® with MoistureLoc®. Defendant further asserts that certain of these plaintiffs have filed a Motion for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. §1407 with the Judicial Panel on Multidistrict Litigation ("JPML") seeking establishment of an MDL proceeding for ReNu® with MoistureLoc® cases and transfer of related cases to that proceeding. Defendant anticipates the establishment of MDL No. 1785, *In re Bausch & Lomb*, *Inc. Contact Lens Solution Products Liability Litigation*, and the subsequent transfer of this case for coordinated pretrial proceedings. Defendant requests that this Court stay all proceedings pending the decision of the JPML.

Plaintiff filed a Motion for Remand and for Attorneys' Fees (Doc. No. 8). This Court finds that it should refrain from addressing this motion and allow the MDL court that will be designated to address ReNu® with MoistureLoc® cases to address this motion. The "general

rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel." Jackson v. Johnson & Johnson, Inc., 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001); see also In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990)("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as judicial economy is thus served."); Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 512 (D. Md. 2002)(staying motion to remand pending MDL transfer "[b]ecause it furthers the goals of judicial economy and consistency"); Falgoust v. Microsoft Corp., 2000 WL 462919 (E.D. La. April 19, 2000)(transferee court should decide remand motion because of the replication of factual and legal issues in several actions brought against same defendant).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Stay All Proceedings Pending Decision By the Judicial Panel On Multidistrict Litigation (Doc. No. 12) is **GRANTED**;

(2) This matter is **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation;

(3) The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case; and

(4) Either party may move to return this case to active status at any time.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of July, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge